UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LEGACY, an individual<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, a National Association; and DOES 1–10,<br><br>Defendants. | Case No.: 3:16-cv-0462-GPC-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>[ECF No. 5] |

Before the Court is Plaintiff Mark Legacy's ("Plaintiff's") Motion to Strike Defendant Wells Fargo Bank's ("Defendant's") Affirmative Defenses. (Mot. Strike, ECF No. 5.) The motion has been fully briefed. (*See* Opp'n, ECF No. 11.) The Court finds the motion suitable for disposition without oral argument. CIV. L. R. 7.1(d)(1). Upon consideration of the moving papers and the applicable law, and for the reasons set forth below, the Court **GRANTS** Plaintiff's motion to strike.

## BACKGROUND

On January 13, 2016, Plaintiff filed a complaint against Defendant and DOEs 1–10 in the California Superior Court for the County of San Diego, Case No. 37–2016–00001004–CU–MC–CTL, alleging violations of the California Identity Theft Act

1  ("CITA"), Cal. Civ. Code § 1798 *et seq.*[1]  On February 19, 2016, Defendant removed the
2  case to this court.  (*See* ECF No. 1.)  On February 26, 2016, Defendant filed an answer and
3  affirmative defenses.  (ECF No. 3.)

4  This case arises out of Defendant's attempts to collect from Plaintiff on two loans
5  allegedly obtained by another individual through means of identity theft.  (Compl. ¶ 1, ECF
6  No. 1–2.)  An employee of the business of which Plaintiff was president—Brothers Auto
7  Repair & Fleet—applied for and obtained two commercial business loans in the business
8  name from Defendant.  (*Id.* ¶ 8.)  The employee, Michael Moore, used Plaintiff's name as
9  the personal guaranty for the loans and forged Plaintiff's signature on the loan without
10 Plaintiff's knowledge, consent or authorization.  (*Id.* ¶¶ 9–11.)  Mr. Moore used Plaintiff's
11 personal identification information—including Plaintiff's name, social security number,
12 address, telephone number, place of employment and driver's license—in connection with
13 the loan applications.  (*Id.* ¶ 12.)

14 On or about August 18, 2015, Plaintiff's received a call from Defendant's collection
15 agent notifying him that he was past due on these loans.  (*Id.* ¶ 13.)  The collection agent
16 called Plaintiff again a couple of days later, after which Plaintiff went to a physical branch
17 of Defendant and for the first time learned of these loans taken out in his name a personal
18 guaranty.  (*Id.* ¶ 15–17.)

19 On or about August 20, 2015, Plaintiff spoke with another of Defendant's agents at
20 which time Plaintiff informed the agent that he did not take out the loans in question and

---

[1] Under CITA, a "person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." Cal. Civ. Code § 1798.93(a).  A claimant is "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." Cal. Civ. Code § 1798.92(a).  A "victim of identity theft" is a "person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard." Cal. Civ. Code § 1798.92(d).

requested paperwork to initiate an investigation. (*Id.* ¶ 18.) The agent faxed to Plaintiff documentation of the loans, after which Plaintiff promptly contacted the police to complete a report of identity theft. (*Id.* ¶¶ 19–20.) On October 5, 2015, Plaintiff met with a City of San Diego police investigator to complete an identity theft report. (*Id.* ¶ 21.) Prior to his meeting with the investigator, in September 2015, Plaintiff received collection letters from Defendant. (*Id.* ¶ 23.)

On October 8, 2015, Plaintiff's attorneys sent a letter to Defendant's corporate offices informing Defendant of their representation of Plaintiff and the identity theft transaction. (*Id.* ¶ 24.) On November 5, 2015, Defendant requested that Plaintiff complete an identity theft/fraud packet. (*Id.* 26.) On November 16, 2015, Plaintiff returned the packet in which he stated the circumstances and details known to him surrounding the identity theft. (*Id.* ¶ 27.) On November 30, 2015, Defendant acknowledged receipt of Plaintiff's packet. (*Id.* ¶ 29.)

Plaintiff received two collection letters dated December 21, 2015 at his home address in the City of La Mesa. (*Id.* ¶ 31.) Previous collection letters were sent to Plaintiff's business address in San Diego. (*Id.*) Both letters stated: "We regret to inform you that this is the final notice before your account will charge off as a bad debt." (*Id.* ¶ 32.) Plaintiff alleges that Defendant has not informed Plaintiff or his attorneys of the results of Defendant's investigation into Plaintiff's report of identity theft/fraud. (*Id.* ¶ 36.) Plaintiff alleges that Defendant's failure to conduct a reasonable investigation into his claim of identity theft/fraud and persistent efforts to collect directly from Plaintiff have caused Plaintiff mental anguish, out of pocket expenses, and loss of time and resources. (*Id.* ¶ 38.)

On March 3, 2016, Plaintiff filed a motion to strike affirmative defenses. (Mot. Strike, ECF No. 5.) On March 25, 2016, Defendant filed an opposition. (Opp'n, ECF No. 11.)

//

//

# LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from the pleadings. FED. R. CIV. P. 12(f). The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). The Court begins its analysis by determining whether the affirmative defenses are "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." *See id.* at 973–74.

The Court must view the pleadings in a light most favorable to the pleading party when ruling upon a motion to strike. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing *California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981)). Motions to strike are regarded with disfavor because striking is such a drastic remedy. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)). Although generally disfavored, a court's ruling on a motion to strike will be overturned only for abuse of discretion. *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

In the Ninth Circuit, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at 827). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). "It does not, however, require a detailed statement of facts." *Id.*

# DISCUSSION

Plaintiff moves to strike Defendants' twelve affirmative defenses and a reservation of additional affirmative defenses. Plaintiff argues that each of Defendant's affirmative defenses fails to provide Plaintiff with fair notice of the basis of each defense. (Mot. Strike at 5–7.) Defendant responds that fair notice only requires that the defendant state the nature and grounds for the affirmative defense and Plaintiff has not shown he has been prejudiced. (Opp'n at 1–8, ECF No. 11.)

Rule 8 governs pleading whether by complaint or answer. Rule 8(c) specifically addresses affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense" in the responsive pleading. FED. R. CIV. P. 8(c)(1). In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. *Wyshak*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 (2007), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* While a plaintiff need not provide detailed factual allegations, he does need to allege the grounds for entitlement to relief beyond mere labels and conclusions. *Id.* at 555. In 2009, the Supreme Court, in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), clarified that *Twombly* was based on its interpretation and application of Federal Rule of Civil Procedure 8, thereby extending *Twombly's* pleading standard to all civil cases.

The Ninth Circuit has not yet decided whether the pleading standard in *Twombly*, and *Iqbal* applies to affirmative defenses. District courts within the Ninth Circuit are split on the issue. *See J & J Sports Productions, Inc. v. Scace*, No. 10–cv–2496–WQH–CAB, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011) (discussing cases). This Court agrees with the reasoning of those courts which have held that district courts in this circuit remain bound by the holding of *Wyshak*, 607 F.2d at 827. *See Trustmark Ins. Co. v. C & K Mkt., Inc.*, No. CV 10–0465–MO, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011). Accordingly,

"[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827.

### (1) First Affirmative Defense – Failure to State a Claim for Relief

Defendants' first affirmative defense alleges that the Complaint fails to state a claim upon which relief can be granted. (AD ¶ 1, ECF No. 3.) Plaintiff suggests that failure to state a claim is a Rule 12(b)(6) motion and not an appropriate affirmative defense. (Mot. Strike at 5, ECF No. 5.) The Court agrees. Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiff's prima facie case. *Barnes v. AT&T Pension Ben. Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (internal citations omitted). *See also Baker v. Ensign*, No. 11-CV-2060-BAS WVG, 2014 WL 4161994, at *4 (S.D. Cal. Aug. 20, 2014) ("Rule 12(b)(6) motion is the proper means of asserting that particular claims are insufficient.") (citing *See Zivkovic v. S. Cal. Edison Co, 108.*, 302 F.3d 10808 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.")). Accordingly, despite its inclusion in Civil Form 30, failure to state a claim under Rule 12(b)(6) is properly brought on a motion to dismiss and not as an affirmative defense. *Barnes*, 718 F. Supp. 2d at 1174. The Court therefore **STRIKES** Defendant's first affirmative defense **WITHOUT LEAVE TO AMEND**.

### (2) Second Affirmative Defense – Excuse

Defendant's second affirmative defense is that "any performance of Wells Fargo was excused by virtue of Plaintiff's prior conduct." (AD ¶ 1, ECF No. 3.) Defendant fails to provide any legal basis or facts that would put Plaintiff on fair notice as to the defense alleged. For this reason the Court **STRIKES** Defendant's second affirmative defense.

### (3) Third, Fourth, Fifth, Seventh and Tenth Affirmative Defenses – Doctrines of Waiver, Consent, Estoppel and Laches

In their third, fourth, fifth, seventh and tenth affirmative defenses, Defendant claims that Plaintiff's claims are barred by the doctrines of waiver, consent, estoppel, laches and unclean hands. (*Id.* ¶¶ 3, 4, 5, 7, 10, ECF No. 3.) Though these doctrines may be legally

plausible, the Court agrees with Plaintiffs that these statements are insufficient to provide fair notice. Defendant does not provide any basis for these claims, and "a reference to a doctrine . . . is insufficient notice." *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 491 (S.D. Cal. 2013) (citing *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal.2004)). The Court therefore **STRIKES** Defendant's third, fourth, fifth, seventh and tenth affirmative defenses.

### (4)    Sixth Affirmative Defense – Unjust Enrichment

Defendant's sixth affirmative defense asserts that Plaintiff would be unjustly enriched if awarded the relief sought in the complaint. Even under the lower standard of *Wyshak,* the Court finds that this defense is insufficiently pled because Defendant fails to provide any facts beyond stating that the affirmative defense exists. *See, e.g., Barnes*, 718 F. Supp. 2d at 1172; *Joe Hand Promotions, Inc. v. Garcia*, No. 1:11CV02030 LJO DLB, 2012 WL 1413940, at *4 (E.D. Cal. Apr. 23, 2012), *report and recommendation adopted*, No. 1:11CV02030 LJO DLB, 2012 WL 1720244 (E.D. Cal. May 15, 2012). *Cf. Kuang Xuan Liu v. Win Woo Trading, LLC*, No. 14-CV-02639-KAW, 2014 WL 7140514, at *3 (N.D. Cal. Dec. 12, 2014) (denying motion to strike affirmative defense of unjust enrichment where Defendants plead that the hourly salary in the relevant period was $11.25 rather than the $12.50 Plaintiffs claimed in the complaint). The Court therefore **STRIKES** Defendant's sixth affirmative defense.

### (5)    Eighth Affirmative Defense – Contributory Negligence/Partial Fault of Plaintiff

Defendant's eighth affirmative defense asserts that "[i]f Plaintiff has sustained any injury or is entitled to any damages under the circumstances alleged in the Complaint . . . the intentional acts, negligence, carelessness, lack of due care, fault and/or unreasonable conduct of Plaintiff contributed in whole or in part to such damages." (AD ¶ 8, ECF No. 3.) As such Plaintiff is wholly or partially responsible for any damages. (*Id.*) Defendant does not point to any authority, nor is the Court aware of any, for the proposition that contributory or comparative negligence applies in a CITA action in the absence of a

negligence claim. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2014 WL 295829, at *3 (N.D. Cal. Jan. 27, 2014). Thus, the affirmative defense is inapplicable as a matter of law. The Court therefore **STRIKES** Defendant's eighth affirmative defense.

### (6) Ninth Affirmative Defense – Failure to Mitigate Damages

Defendant's ninth affirmative defense merely states that "Plaintiff has failed to mitigate his damages." (AD ¶ 9, ECF No. 3.) Defendant fails to provide any factual basis or legal authority for this affirmative defense. *See Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 491 (S.D. Cal. 2013). The Court therefore **STRIKES** Defendant's ninth affirmative defense.

### (7) Eleventh Affirmative Defense – Justification/Privilege

In the eleventh affirmative defense, Defendant alleges that "Plaintiff's remaining claims . . . are subject to setoff, offset, and/or recoupment." (AD ¶ 11, ECF No. 3.) As an initial matter, Defendant does not explain how, if Defendant's conduct was justified and privileged, Defendant is entitled to setoff. Defendant also has not provided any rationale for its conduct or authority for its position that CITA allows for setoff. The Court therefore **STRIKES** Defendant's eleventh affirmative defense.

### (8) Twelfth Affirmative Defense – Necessity

Defendant's twelfth affirmative defense is that any of Defendant's conduct "alleged to have been unlawful or improper was taken in accordance with business practices and necessity." (AD ¶ 12, ECF No. 3.) Defendant provides no basis for this claim. The Court therefore **STRIKES** Defendant's twelfth affirmative defense.

### (9) Thirteenth Affirmative Defense – Reservation of Affirmative Defenses

As the thirteenth affirmative defense, Defendant "reserves its right to assert additional affirmative defenses." (AD ¶ 13, ECF No. 3.) However, the mere "'reservation of affirmative defenses' is not an affirmative defense." *E.E.O.C. v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010). Defendants may assert additional affirmative defenses later by amending their pleadings in compliance with Rule 15. *See* FED. R. CIV. P. 15; *Polk*, 291 F.R.D. at 493 (citing *U.S. v. Global Mortg. Funding, Inc.*,

2008 WL 5264986 at *5 (C.D. Cal. 2008) ("[I]f a Defendant seeks to add affirmative defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure 15."); *Timeless Investments, Inc.*, 734 F. Supp. 2d at 1055 ("Rule 15 does not require a defendant to "expressly reserve" unnamed affirmative defenses in its answer.")). In short, Defendants "[are] either entitled to raise additional defenses at a later time or [ ] [are] not; [their] right to reserve [their] rights to do so is a legal nullity." *Global Mortg. Funding, Inc.*, 2008 WL 5264986 at *5. Therefore, the Court **STRIKES** Defendant's thirteenth affirmative defense **WITHOUT LEAVE TO AMEND**.

Defendant suggests that insufficiently pled affirmative defenses should only be stricken if the party against whom they are asserted can demonstrate that the defenses' continued presence in the case causes the party prejudice. If the court were to permit legally unsustainable affirmative defenses to survive, plaintiffs would be required to conduct expensive and potentially unnecessary and irrelevant discovery. Thus, Defendant's arguments regarding prejudice cannot save it from its otherwise insufficient affirmative defenses.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's motion to strike Defendant's affirmative defenses in its entirety. The Court **STRIKES** Defendant's first and thirteenth affirmative defenses **WITHOUT LEAVE TO AMEND**. The Court grants Defendant leave to amend the remaining affirmative defenses. The Court cautions Defendant, however, to plead only those affirmative defenses applicable to the case and to provide Plaintiff with fair warning of the factual basis for those affirmative defenses. Defendant is reminded of its obligations under Rule 11 to plead only those "claims, defenses, and other legal contentions [] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). Defendant may file an amended answer in accordance with this order within twenty (20) days of the filing of this order.

//

The hearing set for **Friday, May 13, 2016** is hereby **VACATED**.

**IT IS SO ORDERED**.

Dated:  May 9, 2016

Hon. Gonzalo P. Curiel
United States District Judge